91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus Erasmo CORRAL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70839.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Erasomo Corral petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of his request for a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition.
 
 
 3
 * Corral, a 34-year old Mexican citizen, has lived in the United States since the age of sixteen or seventeen. He entered without inspection in 1978, and became a lawful permanent resident in 1984.
 
 
 4
 In 1991, Corral married Rita Montenegro, a Mexican citizen living in the United States. The couple has two daughters, both born in the United States. The family now lives in Nevada, where they own a home. Corral works in the hotel industry in Las Vegas and supports his wife and daughters.
 
 
 5
 On November 6, 1992, Corral was convicted of selling thirteen grams of cocaine to an undercover agent for $300. Based on the conviction, the INS initiated deportation proceedings. Corral conceded deportability and requested relief from deportation pursuant to section 212(c).
 
 
 6
 The immigration judge ("IJ") ruled that Corral is eligible for section 212(c) relief and had demonstrated unusual or outstanding equities, but denied relief, in part because Corral's first child, who was born out of wedlock, was born at public expense. The BIA affirmed in a one-paragraph decision adopting the IJ's decision.
 
 II
 
 7
 Corral argues that the BIA's brief decision is "boilerplate" and must be remanded for an adequate statement of reasons. We have made clear, however, that the BIA may adopt the IJ's decision as its own. Alaelua v. INS, 45 F.3d 1379, 1381-82 (9th Cir.1995). When, as here, the BIA clearly incorporates the IJ's opinion, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion." Id. at 1382.
 
 
 8
 Corral also contends that the IJ considered improper factors in weighing the equities. This contention has merit.
 
 
 9
 "[A]n IJ must determine whether to grant section 212(c) relief based on all the facts and circumstances of a particular case, taking into account the social and humane considerations presented in an applicants favor and balancing them against the adverse factors that evidence the applicant's undesirability as a permanent resident." Yepes-Prado v. INS, 10 F.3d 1363, 1365-66 (9th Cir.1993). Factors favoring an alien include family ties in the United States, residence of long duration in this country, hardship to the applicant or his family if relief is not granted, a history of employment, business or property ties, evidence of service to the community, proof of rehabilitation if a criminal record exists, and other evidence of good character. Id. at 1366. To be weighed against these factors are the nature and circumstances of the ground for deportation, other violations of the immigration laws, the nature, recency, and seriousness of any criminal record, and other evidence of bad character or the undesirability of the applicant as a permanent resident. Id. Where the offense giving rise to the deportation is a serious criminal offense, the applicant may be required to show that the favorable factors amount to unusual or outstanding equities. Id. The IJ (or the BIA) abuses its discretion if it fails to consider an important factor or includes an improper factor in weighing the equities. Id. at 1366; see also Rashtabadi v. INS, 23 F.3d 1562, 1571 (9th Cir.1994).
 
 
 10
 Here, the IJ found that Corral had demonstrated unusual or outstanding equities.[1] In reaching this conclusion, the IJ cited the fact that Corral had been a lawful permanent resident for nine years, has two United States citizen children and numerous siblings in this country, has a history of employment in this country, supports his wife and children, and owns a home in this country.
 
 
 11
 In denying relief, the IJ relied on the fact that the State of California had paid his first child's medical expenses when she was born. The IJ also relied on the fact that Corral's wife is not a lawful resident and that Corral had not filed an immediate relative petition for her until two years after their marriage. The IJ also cited the fact that Corral had "made detailed plans" and had gone to "extreme effort to carry through with his part in the sale of cocaine."
 
 
 12
 Corral contends that the IJ improperly considered the fact that Corral and Rita were not married when they had their first child. He also contends the IJ gave too much weight to the fact that the State of California paid for his daughter's medical expenses. The record supports these assertions. The IJ questioned Corral closely about his marital status in relation to his daughter's birth and why Corral had waited so long to file an immediate relative petition for Rita. The IJ also asked Corral whether his daughter had received free baby vaccinations and whether he had "ever made any attempt to pay back the State of California" for her medical expenses and whether he "consider[ed] it an obligation"
 
 
 13
 The fact that Corral's first child was born out of wedlock is not, per se, an appropriate factor to consider. See Yepes-Prado, 10 F.3d at 1368, 1370. To the extent the IJ denied relief on this basis, she abused her discretion. See id. With respect to Corral's responsibility for his children's medical expenses, the IJ appears to have overlooked the fact that Corral had procured health insurance for his family by the time his second daughter was born. Moreover, the IJ gave little weight to the fact that Corral lives with and financially supports his children, an important factor. See id. at 1370 n. 13; Matter of Arreguin de Rodriguez, Int.Dec. 3247 (BIA1995) (evidence that applicant was responsible and caring mother weighed as favorable factor despite fact that two youngest children were receiving AFDC). The IJ also failed to consider the fact that Corral has paid income taxes in this country. See Yepes-Prado, 10 F.3d at 1366 (court cannot assume that INS considered a factor it did not mention). Remand is required so that all appropriate factors can be considered and weighed, and improper ones excluded. See id. at 1370; Rashtabadi, 23 F.3d at 1571.
 
 
 14
 Remand is also required because the IJ failed to offer a reasonable explanation of why, in light of established BIA precedent, see, e.g., Matter of Arreguin de Rodriguez, Int.Dec. 3247 (BIA1995), the adverse factors outweigh all of the favorable factors, which the IJ found to constitute unusual or outstanding equities. These include lack of previous criminal history, steady employment, and letters attesting to Corral's good character. See Yepes-Prado, 10 F.3d at 1370; Braun v. INS, 992 F.2d 1016, 1019-21 (9th Cir.1993).
 
 
 15
 VACATED and REMANDED to the BIA for further proceedings consistent with this opinion.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, petitioner's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Corral argues that the IJ erred by requiring him to demonstrate unusual and outstanding equities because the crime he committed, delivery of $300 worth of cocaine for sale, was a relatively minor drug crime. Because the IJ found that Corral's equities met this higher standard, we need not address this claim